UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENVENTURE GLOBAL TECHNOLOGY, INC., | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 15-1053 |
| v. | § § | |
| MOHAWK ENERGY, LTD., ANDREI FILIPPOV, and SCOTT BENZIE, | § § § § | JURY DEMANDED |
| Defendants. | § § | |

## FIRST AMENDED COMPLAINT

Plaintiff Enventure Global Technology, Inc. ("Plaintiff" or "Enventure") files its First Amended Complaint against Defendant Mohawk Energy, Ltd. ("Mohawk"), Andrei Filippov ("Filippov"), and Scott Benzie ("Benzie"), (collectively, the "Defendants"), and states as follows:

## JURISDICTION AND VENUE

1.     The Court has subject matter jurisdiction over Plaintiff's patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a) and (b) because it is a civil action involving federal questions related to claims for patent infringement under 35 U.S.C. § 271 (the "Patent Act").

2.     This Court has personal jurisdiction over Defendant Mohawk. Defendant Mohawk is a Texas corporation with its principal place of business in Texas, and is conducting business in this State, including in this District. Defendant Mohawk's acts of patent infringement and unfair competition are occurring in this State, including in this District, and Defendant Mohawk should anticipate being haled into court in this State.

3.     This Court has personal jurisdiction over Defendant Filippov. Defendant Filippov is a natural person and resident citizen of Texas, who has entered into employment agreements

relating to the creation and development of intellectual property now owned by Plaintiff. Defendant Filippov's breaches of those agreements occurred in Texas. Further, Defendant Filippov's acts of patent infringement and unfair competition are occurring in this State, including in this District, and Defendant Filippov should anticipate being haled into court in this State.

4.      This Court has personal jurisdiction over Defendant Benzie. Defendant Benzie is a natural person and resident citizen of Texas, who has entered into employment agreements relating to the creation and development of intellectual property now owned by Plaintiff. Defendant Benzie's breaches of those agreements occurred in Texas. Further, Defendant Benzie's acts of patent infringement and unfair competition are occurring in this State, including in this District, and Defendant Benzie should anticipate being haled into court in this State.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## THE PARTIES

6.      Plaintiff Enventure is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Texas at 15995 N. Barkers Landing Road, Suite 350, Houston, Texas 77079.

7.      Defendant Mohawk Energy, Ltd. may be served with Plaintiff's First Amended Complaint through its counsel of record, Mr. Butch Boyd, The Butch Boyd Law Firm, 2905 Sackett Street, Houston, TX 77098.

8.      Defendant Andrei Filippov may be served with Plaintiff's First Amended Complaint through its counsel of record, Mr. Butch Boyd, The Butch Boyd Law Firm, 2905 Sackett Street, Houston, TX 77098.

9.      Defendant Scott Benzie is a natural person and resident citizen of Texas, and may be served with process at his place of business at Mohawk Energy, Ltd., 1160 West 26th Street, Houston, Texas 77008.

## NATURE OF THE CASE

10.     Enventure is the world's leading provider of innovative technology used in the energy industry to expand pipe through various apparatus and methods often referred to as "solid expandable solutions." Since 1998, Enventure's technology has been used to solve drilling, completion and production issues that threaten an oil or gas well's potential value and the well operator's return on investment. Enventure's proprietary technology enables oil and gas exploration and production companies to extract the most value from their wells at each stage of a well's lifecycle.

11.     Enventure is managed by Kenda Capital B.V., and was originally a Shell Technology Ventures portfolio company. Following the formation of Enventure, Shell assigned all rights, title and interest in the patents-in-suit to Enventure Global Technology, LLC. On December 31, 2014, Enventure Global Technology, LLC was converted into a corporation under Delaware law, and all of Enventure Global Technology, LLC's assets are now owned by Enventure Global Technology, Inc.

12.     Upon information and belief, Defendant Mohawk was formed (under its previous name Grinaldi, Ltd.) in December 2003 to commercialize expandable technology for energy and production companies. Mohawk has a workshop, test and assembly facility in Houston, Texas USA where it allegedly designs, assembles and tests its products.

13.     Upon information and belief, Defendants Filippov and Benzie were employees of Shell prior to the formation of their new company, Mohawk.

14.     Defendant Filippov is a named inventor on more than one of the patents-in-suit, and was responsible in part, for the development of various inventions described and claimed in patents that Shell assigned to Enventure.

15.     Upon information and belief, during their employment at Shell, Defendants Filippov and Benzie executed numerous agreements relating to the terms and conditions of their employment, including assigning all inventions that they assisted in developing to their employer Shell.

16.     At all times material hereto, neither Shell nor Enventure released Defendants Filippov and Benzie from their duties, obligations, and covenants imposed upon them during and after their employment with Shell.

17.     Shell and Enventure have invested substantial time, effort, skill, expense, and resources in designing and engineering their solid expandable solutions.

18.     Upon information and belief, Defendant Mohawk is in the business of manufacturing, importing, distributing, marketing, offering to sell and/or selling solid expandable solutions that are marketed under various trademarks including MetalPatch, FracPatch, ReFracpatch, OpenHole Clad and/or MaxWell Liner (the "Mohawk Products"). Upon information and belief, Defendants Mohawk, Filippov, and Benzie directly compete with Enventure in the solid expandable solutions.

19.     Upon information and belief, Defendants Mohawk, Filippov, and Benzie offer for sale and sell their Mohawk Products to consumers throughout the United States for use in the United States and in foreign countries, including Norway and Saudi Arabia.

## COUNT I

## INFRINGEMENT OF U.S. PATENT 6,409,175

20.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 19 as if fully set forth herein.

21.     Enventure is the sole owner of U.S. Patent No. 6,409,175 (the "'175 Patent") entitled "Expandable Joint Connector," issued on June 25, 2002.

22.     Enventure offers for sale and sells solid expandable solutions throughout the United States, including in this District, that are the commercial embodiments of the invention claimed in the '175 Patent.

23.     From the date of issuance of the '175 Patent to the present, Enventure has marked its solid expandable solutions with the '175 Patent number.

24.     Upon information and belief, the Defendants, without license from Enventure, (1) have made, used, imported, distributed, sold and/or offered for sale; (2) have caused the manufacture, use, importation, distribution, sale and/or offer for sale; (3) are making, using, importing, distributing, selling and/or offering for sale; and/or (4) are causing the manufacture, use, importation, distribution, sale and/or offer for sale of Mohawk Products that infringe one or more claims of the '175 Patent, either literally or under the Doctrine of Equivalents.

25.     Enventure has not licensed any of its rights in the '175 Patent to the Defendants.

26.     Upon information and belief, the Defendants' acts of infringement have been willful, with actual and/or constructive knowledge of the '175 Patent.

27.     By reason of the Defendants' infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

28.     The infringing acts of the Defendants have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of the Defendants' infringement of the '175 Patent.

29.     Enventure has no adequate remedy at law. The foregoing acts of the Defendants have caused Enventure irreparable harm. Unless enjoined, the Defendants' acts as alleged herein will continue to cause Enventure irreparable harm.

30.     Upon information and belief, the activities of the Defendants have been for the purpose of infringing, either directly or indirectly, the '175 Patent.

31.     Upon information and belief, by offering for sale and/or selling the infringing Mohawk Products, the Defendants are directly competing against Enventure.

**COUNT II**

**<u>INFRINGEMENT OF U.S. PATENT 6,470,966</u>**

32.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 31 as if fully set forth herein.

33.     Enventure is the sole owner of U.S. Patent No. 6,470,966 (the "'966 Patent") entitled "Apparatus for Forming Wellbore Casing," issued on October 29, 2002.

34.     Enventure offers for sale and sells solid expandable solutions throughout the United States, including in this District, that are the commercial embodiments of the invention claimed in the '966 Patent.

35.     From the date of issuance of the '966 Patent to the present, Enventure has marked its solid expandable solutions with the '966 Patent number.

36.     Upon information and belief, the Defendants, without license from Enventure, (1) have made, used, imported, distributed, sold and/or offered for sale; (2) have caused the manufacture, use, importation, distribution, sale and/or offer for sale; (3) are making, using,

6

importing, distributing, selling and/or offering for sale; and/or (4) are causing the manufacture, use, importation, distribution, sale and/or offer for sale of Mohawk Products that infringe one or more claims of the '966 Patent, either literally or under the Doctrine of Equivalents.

37.     Enventure has not licensed any of its rights in the '966 Patent to the Defendants.

38.     Upon information and belief, the Defendants' acts of infringement have been willful, with actual and/or constructive knowledge of the '966 Patent.

39.     By reason of the Defendants' infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

40.     The infringing acts of the Defendants have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of the Defendants' infringement of the '966 Patent.

41.     Enventure has no adequate remedy at law. The foregoing acts of the Defendants have caused Enventure irreparable harm. Unless enjoined, the Defendants' acts as alleged herein will continue to cause Enventure irreparable harm.

42.     Upon information and belief, the activities of the Defendants have been for the purpose of infringing, either directly or indirectly, the '966 Patent.

43.     Upon information and belief, by offering for sale and/or selling the infringing Mohawk Products, the Defendants are directly competing against Enventure.

**COUNT III**

**INFRINGEMENT OF U.S. PATENT 6,695,012**

44.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 43 as if fully set forth herein.

45.     Enventure is the sole owner of U.S. Patent No. 6,695,012 (the "'012 Patent") entitled "Lubricant Coating for Expandable Tubular Members," issued on February 24, 2004.

46.     Enventure offers for sale and sells solid expandable solutions throughout the United States, including in this District, that are the commercial embodiments of the invention claimed in the '012 Patent.

47.     From the date of issuance of the '012 Patent to the present, Enventure has marked its solid expandable solutions with the '012 Patent number.

48.     Upon information and belief, the Defendants, without license from Enventure, (1) have made, used, imported, distributed, sold and/or offered for sale; (2) have caused the manufacture, use, importation, distribution, sale and/or offer for sale; (3) are making, using, importing, distributing, selling and/or offering for sale; and/or (4) are causing the manufacture, use, importation, distribution, sale and/or offer for sale of Mohawk Products that infringe one or more claims of the '012 Patent, either literally or under the Doctrine of Equivalents.

49.     Enventure has not licensed any of its rights in the '012 Patent to the Defendants.

50.     Upon information and belief, the Defendants' acts of infringement have been willful, with actual and/or constructive knowledge of the '012 Patent.

51.     By reason of the Defendants' infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

52.     The infringing acts of the Defendants have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of the Defendants' infringement of the '012 Patent.

53.     Enventure has no adequate remedy at law. The foregoing acts of the Defendants have caused Enventure irreparable harm. Unless enjoined, the Defendants' acts as alleged herein will continue to cause Enventure irreparable harm.

54.     Upon information and belief, the activities of the Defendants have been for the purpose of infringing, either directly or indirectly, the '012 Patent.

55.     Upon information and belief, by offering for sale and/or selling the infringing Mohawk Products, the Defendants are directly competing against Enventure.

**COUNT IV**

**INFRINGEMENT OF U.S. PATENT 6,892,819**

56.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57.     Enventure is the sole owner of U.S. Patent No. 6,892,819 (the "'819 Patent") entitled "Forming a Wellbore Casing While Simultaneously Drilling a Wellbore," issued on May 17, 2005.

58.     Enventure offers for sale and sells solid expandable solutions throughout the United States, including in this District, that are the commercial embodiments of the invention claimed in the '819 Patent.

59.     Upon information and belief, the Defendants, without license from Enventure, (1) have made, used, imported, distributed, sold and/or offered for sale; (2) have caused the manufacture, use, importation, distribution, sale and/or offer for sale; (3) are making, using, importing, distributing, selling and/or offering for sale; and/or (4) are causing the manufacture, use, importation, distribution, sale and/or offer for sale of Mohawk Products that infringe one or more claims of the '819 Patent, either literally or under the Doctrine of Equivalents.

60.     Enventure has not licensed any of its rights in the '819 Patent to the Defendants.

61.     Upon information and belief, the Defendants' acts of infringement have been willful, with actual and/or constructive knowledge of the '819 Patent.

62.     By reason of the Defendants' infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

63.     The infringing acts of the Defendants have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of the Defendants' infringement of the '819 Patent.

64.     Enventure has no adequate remedy at law. The foregoing acts of the Defendants have caused Enventure irreparable harm. Unless enjoined, the Defendants' acts as alleged herein will continue to cause Enventure irreparable harm.

65.     Upon information and belief, the activities of the Defendants have been for the purpose of infringing, either directly or indirectly, the '819 Patent.

66.     Upon information and belief, by offering for sale and/or selling the infringing Mohawk Products, the Defendants are directly competing against Enventure

**COUNT V**

**INFRINGEMENT OF U.S. PATENT 7,055,608**

67.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 66 as if fully set forth herein.

68.     Enventure is the sole owner of U.S. Patent No. 7,055,608 (the "'608 Patent") entitled "Forming a Wellbore Casing While Simultaneously Drilling a Wellbore," issued on June 6, 2006.

69.     Enventure offers for sale and sells solid expandable solutions throughout the United States, including in this District, that are the commercial embodiments of the invention claimed in the '608 Patent.

70.     Upon information and belief, the Defendants, without license from Enventure, (1) have made, used, imported, distributed, sold and/or offered for sale; (2) have caused the manufacture, use, importation, distribution, sale and/or offer for sale; (3) are making, using, importing, distributing, selling and/or offering for sale; and/or (4) are causing the manufacture, use, importation, distribution, sale and/or offer for sale of Mohawk Products that infringe one or more claims of the '608 Patent, either literally or under the Doctrine of Equivalents.

71.     Enventure has not licensed any of its rights in the '608 Patent to the Defendants.

72.     Upon information and belief, the Defendants' acts of infringement have been willful, with actual and/or constructive knowledge of the '608 Patent.

73.     By reason of the Defendants' infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

74.     The infringing acts of the Defendants have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of the Defendants' infringement of the '608 Patent.

75.     Enventure has no adequate remedy at law. The foregoing acts of the Defendants have caused Enventure irreparable harm. Unless enjoined, the Defendants' acts as alleged herein will continue to cause Enventure irreparable harm.

76.     Upon information and belief, the activities of the Defendants have been for the purpose of infringing, either directly or indirectly, the '608 Patent.

77.     Upon information and belief, by offering for sale and/or selling the infringing Mohawk Products, the Defendants are directly competing against Enventure

**COUNT VI**

**INFRINGEMENT OF U.S. PATENT 7,077,211**

78.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 77 as if fully set forth herein.

79.     Enventure is the sole owner of U.S. Patent No. 7,077,211 (the "'211 Patent") entitled "Method of Creating a Casing in a Borehole," issued on July 18, 2006.

80.     Enventure offers for sale and sells solid expandable solutions throughout the United States, including in this District, that are the commercial embodiments of the invention claimed in the '211 Patent.

81.     Upon information and belief, the Defendants, without license from Enventure, (1) have made, used, imported, distributed, sold and/or offered for sale; (2) have caused the manufacture, use, importation, distribution, sale and/or offer for sale; (3) are making, using, importing, distributing, selling and/or offering for sale; and/or (4) are causing the manufacture, use, importation, distribution, sales and/or offer for sale of Mohawk Products that infringe one or more claims of the '211 Patent, either literally or under the Doctrine of Equivalents.

82.     Enventure has not licensed any of its rights in the '211 Patent to the Defendants.

83.     Upon information and belief, the Defendants' acts of infringement have been willful, with actual and/or constructive knowledge of the '211 Patent.

84.     By reason of the Defendants' infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

85.     The infringing acts of the Defendants have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of the Defendants' infringement of the '211 Patent.

86.     Enventure has no adequate remedy at law. The foregoing acts of the Defendants have caused Enventure irreparable harm. Unless enjoined, Defendants' acts as alleged herein will continue to cause Enventure irreparable harm.

87.     Upon information and belief, the activities of the Defendants have been for the purpose of infringing, either directly or indirectly, the '211 Patent.

88.     Upon information and belief, by offering for sale and/or selling the infringing Mohawk Products, the Defendants are directly competing against Enventure

## COUNT VII

## INFRINGEMENT OF U.S. PATENT 7,159,665

89.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 88 as if fully set forth herein.

90.     Enventure is the sole owner of U.S. Patent No. 7,159,665 (the "'665 Patent") entitled "Wellbore Casing," issued on January 9, 2007.

91.     Enventure offers for sale and sells solid expandable solutions throughout the United States, including in this District, that are the commercial embodiments of the invention claimed in the '665 Patent.

92.     Upon information and belief, the Defendants, without license from Enventure, (1) have made, used, imported, distributed, sold and/or offered for sale; (2) have caused the manufacture, use, importation, distribution, sale and/or offer for sale; (3) are making, using, importing, distributing, selling and/or offering for sale; and/or (4) are causing the manufacture,

use, importation, distribution, sale and/or offer for sale of Mohawk Products that infringe one or more claims of the '665 Patent, either literally or under the Doctrine of Equivalents.

93.     Enventure has not licensed any of its rights in the '665 Patent to the Defendants.

94.     Upon information and belief, the Defendants' acts of infringement have been willful, with actual and/or constructive knowledge of the '665 Patent.

95.     By reason of the Defendants' infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

96.     The infringing acts of the Defendants have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of the Defendants' infringement of the '665 Patent.

97.     Enventure has no adequate remedy at law. The foregoing acts of the Defendants have caused Enventure irreparable harm. Unless enjoined, the Defendants' acts as alleged herein will continue to cause Enventure irreparable harm.

98.     Upon information and belief, the activities of the Defendants have been for the purpose of infringing, either directly or indirectly, the '665 Patent.

99.     Upon information and belief, by offering for sale and/or selling the infringing Mohawk Products, the Defendants are directly competing against Enventure

## COUNT VIII

## INFRINGEMENT OF U.S. PATENT 7,240,729

100.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 99 as if fully set forth herein.

101.    Enventure is the sole owner of U.S. Patent No. 7,240,729 (the "'729 Patent") entitled "Apparatus for Expanding a Tubular Member," issued on July 10, 2007.

14

102.     Enventure offers for sale and sells solid expandable solutions throughout the United States, including in this District, that are the commercial embodiments of the invention claimed in the '729 Patent.

103.     Upon information and belief, the Defendants, without license from Enventure, (1) have made, used, imported, distributed, sold and/or offered for sale; (2) have caused the manufacture, use, importation, distribution, sale and/or offer for sale; (3) are making, using, importing, distributing, selling and/or offering for sale; and/or (4) are causing the manufacture, use, importation, distribution, sale and/or offer for sale of Mohawk Products that infringe one or more claims of the '729 Patent, either literally or under the Doctrine of Equivalents.

104.     Enventure has not licensed any of its rights in the '729 Patent to the Defendants.

105.     Upon information and belief, the Defendants' acts of infringement have been willful, with actual and/or constructive knowledge of the '729 Patent.

106.     By reason of the Defendants' infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

107.     The infringing acts of the Defendants have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of the Defendants' infringement of the '729 Patent.

108.     Enventure has no adequate remedy at law. The foregoing acts of the Defendants have caused Enventure irreparable harm. Unless enjoined, the Defendants' acts as alleged herein will continue to cause Enventure irreparable harm.

109.     Upon information and belief, the activities of the Defendants have been for the purpose of infringing, either directly or indirectly, the '729 Patent.

110.    Upon information and belief, by offering for sale and/or selling the infringing Mohawk Products, the Defendants are directly competing against Enventure

## COUNT IX

### INFRINGEMENT OF U.S. PATENT 7,290,616

111.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 110 as if fully set forth herein.

112.    Enventure is the sole owner of U.S. Patent No. 7,290,616 (the "'616 Patent") entitled "Liner Hanger," issued on November 6, 2007.

113.    Enventure offers for sale and sells solid expandable solutions throughout the United States, including in this District, that are the commercial embodiments of the invention claimed in the '616 Patent.

114.    From the date of issuance of the '616 Patent to the present, Enventure has marked its solid expandable solutions with the '616 Patent number.

115.    Upon information and belief, the Defendants, without license from Enventure, (1) have made, used, imported, distributed, sold and/or offered for sale; (2) have caused the manufacture, use, importation, distribution, sale and/or offer for sale; (3) are making, using, importing, distributing, selling and/or offering for sale; and/or (4) are causing the manufacture, use, importation, distribution, sale and/or offer for sale of Mohawk Products that infringe one or more claims of the '616 Patent, either literally or under the Doctrine of Equivalents.

116.    Enventure has not licensed any of its rights in the '616 Patent to Defendants.

117.    Upon information and belief, the Defendants' acts of infringement have been willful, with actual and/or constructive knowledge of the '616 Patent.

118.   By reason of the Defendants' infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

119.   The infringing acts of the Defendants have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of the Defendants' infringement of the '616 Patent.

120.   Enventure has no adequate remedy at law. The foregoing acts of the Defendants have caused Enventure irreparable harm. Unless enjoined, the Defendants' acts as alleged herein will continue to cause Enventure irreparable harm.

121.   Upon information and belief, the activities of the Defendants have been for the purpose of infringing, either directly or indirectly, the '616 Patent.

122.   Upon information and belief, by offering for sale and/or selling the infringing Mohawk Products, the Defendants are directly competing against Enventure

**COUNT X**

**INFRINGEMENT OF U.S. PATENT 7,434,618**

123.   Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 122 as if fully set forth herein.

124.   Enventure is the sole owner of U.S. Patent No. 7,434,618 (the "'618 Patent") entitled "Apparatus for Expanding a Tubular Member," issued on October 14, 2008.

125.   Enventure offers for sale and sells solid expandable solutions throughout the United States, including in this District, that are the commercial embodiments of the invention claimed in the '618 Patent.

126.   Upon information and belief, the Defendants, without license from Enventure, (1) have made, used, imported, distributed, sold and/or offered for sale; (2) have caused the

manufacture, use, importation, distribution, sale and/or offer for sale; (3) are making, using, importing, distributing, selling and/or offering for sale; and/or (4) are causing the manufacture, use, importation, distribution, sale and/or offer for sale of Mohawk Products that infringe one or more claims of the '618 Patent, either literally or under the Doctrine of Equivalents.

127.    Enventure has not licensed any of its rights in the '618 Patent to the Defendants.

128.    Upon information and belief, the Defendants' acts of infringement have been willful, with actual and/or constructive knowledge of the '618 Patent.

129.    By reason of the Defendants' infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

130.    The infringing acts of the Defendants have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of the Defendants' infringement of the '618 Patent.

131.    Enventure has no adequate remedy at law. The foregoing acts of the Defendants have caused Enventure irreparable harm. Unless enjoined, the Defendants' acts as alleged herein will continue to cause Enventure irreparable harm.

132.    Upon information and belief, the activities of the Defendants have been for the purpose of infringing, either directly or indirectly, the '618 Patent.

133.    Upon information and belief, by offering for sale and/or selling the infringing Mohawk Products, the Defendants are directly competing against Enventure.

**COUNT XI**

**INFRINGEMENT OF U.S. PATENT 7,918,284**

134.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 133 as if fully set forth herein.

135.    Enventure is the sole owner of U.S. Patent No. 7,918,284 (the "'284 Patent") entitled "Protective Sleeve for Threaded Connections for Expandable Liner Hanger," issued on April 5, 2011.

136.    Enventure offers for sale and sells solid expandable solutions throughout the United States, including in this District, that are the commercial embodiments of the invention claimed in the '284 Patent.

137.    Upon information and belief, the Defendants, without license from Enventure, (1) have made, used, imported, distributed, sold and/or offered for sale; (2) have caused the manufacture, use, importation, distribution, sale and/or offer for sale; (3) are making, using, importing, distributing, selling and/or offering for sale; and/or (4) are causing the manufacture, use, importation, distribution, sales and/or offer for sale of Mohawk Products that infringe one or more claims of the '284 Patent, either literally or under the Doctrine of Equivalents.

138.    Enventure has not licensed any of its rights in the '284 Patent to the Defendants.

139.    Upon information and belief, the Defendants' acts of infringement have been willful, with actual and/or constructive knowledge of the '284 Patent.

140.    By reason of the Defendants' infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

141.    The infringing acts of the Defendants have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of the Defendants' infringement of the '284 Patent.

142.    Enventure has no adequate remedy at law. The foregoing acts of the Defendants have caused Enventure irreparable harm. Unless enjoined, the Defendants' acts as alleged herein will continue to cause Enventure irreparable harm.

19

143.     Upon information and belief, the activities of the Defendants have been for the purpose of infringing, either directly or indirectly, the '284 Patent.

144.     Upon information and belief, by offering for sale and/or selling the infringing Mohawk Products, the Defendants are directly competing against Enventure.

## COUNT XII

## INFRINGEMENT OF U.S. PATENT 7,967,064

145.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 144 as if fully set forth herein.

146.     Enventure is the sole owner of U.S. Patent No. 7,967,064 (the "'064 Patent") entitled "Apparatus for Radially Expanding and Plastically Deforming a Tubular Member," issued on June 28, 2011.

147.     Enventure offers for sale and sells solid expandable solutions throughout the United States, including in this District, that are the commercial embodiments of the invention claimed in the '064 Patent.

148.     Upon information and belief, the Defendants, without license from Enventure, (1) have made, used, imported, distributed, sold and/or offered for sale; (2) have caused the manufacture, use, importation, distribution, sale and/or offer for sale; (3) are making, using, importing, distributing, selling and/or offering for sale; and/or (4) are causing the manufacture, use, importation, distribution, sales and/or offer for sale of Mohawk Products that infringe one or more claims of the '064 Patent, either literally or under the Doctrine of Equivalents.

149.     Enventure has not licensed any of its rights in the '064 Patent to the Defendants.

150.     Upon information and belief, the Defendants' acts of infringement have been willful, with actual and/or constructive knowledge of the '064 Patent.

151.     By reason of the Defendants' infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

152.     The infringing acts of the Defendants have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of the Defendants' infringement of the '064 Patent.

153.     Enventure has no adequate remedy at law. The foregoing acts of the Defendants have caused Enventure irreparable harm. Unless enjoined, the Defendants' acts as alleged herein will continue to cause Enventure irreparable harm.

154.     Upon information and belief, the activities of the Defendants have been for the purpose of infringing, either directly or indirectly, the '064 Patent.

155.     Upon information and belief, by offering for sale and/or selling the infringing Mohawk Products, the Defendants are directly competing against Enventure.

## COUNT XIII

## MISAPPROPRIATION OF TRADE SECRETS UNDER

## THE TEXAS UNIFORM TRADE SECRETS ACT AND TEXAS COMMON LAW

156.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 155 as if fully set forth herein.

157.     At significant time, expense and effort, Plaintiff and/or its assignor Shell authored, created and/or otherwise developed various trade secrets and proprietary information (the "Trade Secrets") in conjunction with the patents-in-suit.

158.     Plaintiff's Trade Secrets were not known to Defendant Mohawk or Plaintiff's competitors, and the Trade Secrets provided a great competitive advantage to Plaintiff and its assignor Shell over other companies offering solid expandable solutions.

21

159.    Plaintiff designated and/or treated its Trade Secrets as confidential. Plaintiff used reasonable means to protect and maintain the confidentiality of its Trade Secrets.

160.    Upon information and belief, the Defendants were aware of Plaintiff's Trade Secrets pursuant to Defendants Filippov's and Benzie's employment agreements including the covenants, rights and/or obligations that Defendants Filippov and Benzie owed by virtue of their employment with Shell.

161.    Upon information and belief, the Defendants have copied, used, distributed and/or transmitted Plaintiff's Trade Secrets for their own use and commercial gain.

162.    At all times material hereto, the Defendants had actual knowledge that they had no consent, permission or authorization from Plaintiff and/or its assignor to copy, use, distribute and/or transmit in any medium Plaintiff's Trade Secrets to any third parties and/or for their own use and commercial gain.

163.    Defendants' misappropriation of Plaintiff's Trade Secrets has directly and proximately resulted in Plaintiff suffering loss of its capital investment and loss of potential profits. Defendants' misappropriation of Plaintiff's Trade Secrets has directly and proximately resulted in Defendant Mohawk gaining an unfair head start and unfair competitive advantage in the manufacture and sale of the Mohawk Products without having to expend the time, effort, resources, or capital investment required to create, design and/or develop Plaintiff's Trade Secrets.

164.    Defendants have misappropriated Plaintiff's Trade Secrets in violation of the common law of the State of Texas and the Texas Uniform Trade Secrets Act.

165.    As a result of the foregoing acts of the Defendants, Plaintiff has suffered damages.

166.     The foregoing acts of the Defendants have caused Plaintiff irreparable harm. Unless enjoined, the Defendants' acts as alleged herein will continue to cause Plaintiff irreparable harm.

## COUNT XIV

### UNJUST ENRICHMENT

167.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 166 as if fully set forth herein.

168.     Defendants derived benefits, including commercial advantage and private financial gain, from their misappropriation and/or unauthorized use of Plaintiff's Trade Secrets and the patents-in-suit.

169.     Defendants were on notice and/or fully aware that Plaintiff and/or its assignor were the owner, developer and/or creator of Plaintiff's Trade Secrets and the inventions claimed in the patents-in-suit.

170.     Defendants obtained the benefit of Plaintiff's Trade Secrets and the patents-in-suit without Plaintiff's notice, authorization and/or permission.

## COUNT XV

### CIVIL THEFT BY DEFENDANTS

171.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 170 as if fully set forth herein.

172.     Pursuant to Tex. Civ. Prac. & Rem. Code §§ 134.000 *et. seq*., Defendants are liable for civil theft, as they unlawfully appropriated with the intent to deprive Plaintiff of its Trade Secrets.

173.     Plaintiff is the owner, developer and/or creator of Plaintiff's Trade Secrets and the patents-in-suit.

23

174.    At all times material hereto, Defendants' misappropriation of Plaintiff's Trade Secrets was unlawful as it was without Plaintiff's and/or its assignor's notice, authorization and/or consent.

175.    As a proximate and/or producing result of Defendants' theft, Plaintiff continues to be injured and damaged.

176.    The foregoing acts of the Defendants have caused irreparable harm to Plaintiff. Unless enjoined, the Defendants' acts as alleged herein will continue to cause irreparable harm to Plaintiff.

**COUNT XVI**

**<u>CIVIL CONSPIRACY</u>**

177.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 176 as if fully set forth herein.

178.    At all times material hereto, the Defendants acted together for the unlawful purpose of misappropriating Plaintiff's intellectual property.

179.    Defendants had a meeting of the minds to exploit Plaintiff's intellectual property, for the express purpose of directly competing with Plaintiff, and in wrongfully using Plaintiff's intellectual property for Defendants' use and benefit to create the competing Mohawk Products.

180.    Defendants Filippov and Benzie committed one or more of the above acts in violation of their employment agreements and invention assignment agreements, which proximately caused injuries and damage to Plaintiff.

**COUNT XVII**

**<u>FILIPPOV'S BREACH OF CONTRACT</u>**

181.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 180 as if fully set forth herein.

182.    As alleged above, Defendant Filippov entered into agreements with Plaintiff's assignor Shell. The Shell employment agreement with Defendant Filippov contained numerous covenants, including the covenant of non-disclosure. In addition to and in consideration of his employment and continued employment, Defendant Filippov also executed an invention assignment agreement assigning all of his inventions to his employer.

183.    At all times material hereto, Defendant Filippov's employment obligations, exclusive of his non-compete and non-solicit obligations, remain in effect and have not been waived by Shell or Plaintiff, as Shell's assignee.

184.    Shell performed all of its obligations under the Filippov employment agreements.

185.    Defendant Filippov has violated and will continue to violate his non-disclosure obligations to Shell and Plaintiff and his invention assignment agreement. Defendant Filippov has breached his non-disclosure obligations by using and/or disclosing Shell's and/or Plaintiff's Trade Secrets, confidential and proprietary information, and by forming and operating a competing business presently known as Mohawk Energy, Ltd.

186.    By breaching his non-disclosure obligations, Defendant Filippov has caused and continues to cause significant economic harm to Plaintiff. Defendant Filippov's conduct will seriously damage and continue to damage Plaintiff in an amount that is not presently ascertainable.

187.    By continuing to breach the non-disclosure obligation of his employment and his invention assignment agreements with Shell, Defendant Filippov will continue to cause irreparable injury to Plaintiff unless this Court enjoins him from doing so.

## COUNT XVII

## BENZIE'S BREACH OF CONTRACT

188.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 187 as if fully set forth herein.

189.    As alleged above, Defendant Benzie entered into agreements with Plaintiff's assignor Shell. The Shell employment agreement with Defendant Benzie contained numerous covenants, including the covenant of non-disclosure. In addition to and in consideration of his employment and continued employment, Defendant Benzie also executed an invention assignment agreement assigning all of his inventions to his employer.

190.    At all times material hereto, Defendant Benzie's employment obligations, exclusive of his non-compete and non-solicit obligations, remain in effect and have not been waived by Shell or Plaintiff, as Shell's assignee.

191.    Shell performed all of its obligations under the Benzie employment agreements.

192.    Defendant Benzie has violated and will continue to violate his non-disclosure obligations to Shell and Plaintiff and his invention assignment agreement. Defendant Benzie has breached his non-disclosure obligations by using and/or disclosing Shell's and/or Plaintiff's Trade Secrets, confidential and proprietary information, and by forming and operating a competing business presently known as Mohawk Energy, Ltd.

193.    By breaching his non-disclosure obligations, Defendant Benzie has caused and continues to cause significant economic harm to Plaintiff. Defendant Benzie's conduct will seriously damage and continue to damage Plaintiff in an amount that is not presently ascertainable.

194.     By continuing to breach the non-disclosure obligation of his employment and his invention assignment agreements with Shell, Defendant Benzie will continue to cause irreparable injury to Plaintiff unless this Court enjoins him from doing so.

## ATTORNEYS' FEES

195.     Pursuant to Tex. Civ. Prac. & Rem. Code, § 38.001, Plaintiff is entitled to its attorneys' fees against Defendant Filippov based on his breach of contract.

196.     Pursuant to Tex. Civ. Prac. & Rem. Code, § 38.001, Plaintiff is entitled to its attorneys' fees against Defendant Benzie based on his breach of contract.

## JURY DEMAND

197.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Defendants Filippov has breached his employment agreements and his invention assignment agreements;

B. Defendants Benzie has breached his employment agreements and his invention assignment agreements;

C. Defendants have misappropriated Plaintiff's confidential, proprietary and/or trade secret information for Defendants' commercial gain, and unfairly competed with Plaintiff;

D. Defendants have infringed or caused the infringement, are infringing and/or causing the infringement of Plaintiff's rights in the '175, '966, '012, '819, '608, '211, '665, '729, '616, '618, '284, and '064 Patents in violation of 35 U.S.C. § 271;

E. Defendants' infringement is willful and this case is exceptional under 35. U.S.C. § 285;

F.  Requiring Defendants to pay damages to Plaintiff in an amount to be determined at trial, but not less than a reasonable royalty, pursuant to 35 U.S.C. § 284;

G.  Requiring Defendants to pay treble damages under 35 U.S.C. § 284;

H.  Plaintiff be awarded damages adequate to compensate it for the damages it has suffered as a result of the Defendants' infringement of the '175, '966, '012, '819, '608, '211, '665, '729, '616, '618, '284, and '064 Patents pursuant to 35 U.S.C. § 284;

I.  Defendants be ordered to pay pre-judgment interest to Plaintiff on all amounts awarded and post-judgment interest until paid at the maximum lawful rate;

J.  Defendants, their officers, agents, servants, employees, attorneys and all persons acting in concert or participation with them who receive actual notice of the Court's order, be enjoined pursuant to 35 U.S.C. § 283 from:

    (1)  directly or indirectly manufacturing, using, importing, offering for sale, selling, causing to be sold, or in any way distributing any Mohawk Products that directly infringe any claim of the '175, '966, '012, '819, '608, '211, '665, '729, '616, '618, '284, and/or '064 Patents;

    (2)  directly or indirectly manufacturing, using, importing, distributing, offering for sale, selling, causing to be sold, or in any way distributing any Mohawk Products that infringe any claim of the '175, '966, '012, '819, '608, '211, '665, '729, '616, '618, '284, and/or '064 Patents under the Doctrine of Equivalents; and

    (3)  attempting, causing, or assisting any of the above-described acts.

K.  The Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action; for the modification of any such order; for the enforcement or compliance therewith; and for the punishment of any violations thereof;

L.  Defendants be ordered to pay attorneys' fees to Plaintiff, as provided by 35 U.S.C. § 285;

28

M. That Plaintiff recover punitive damages from Defendants; and

N. Plaintiff be awarded such other and further relief, at law or in equity, as the Court

may deem just.

Respectfully submitted,

/s/Lisa H. Meyerhoff
Lisa H. Meyerhoff
Texas Bar No. 14000255
S.D. Admissions No. 18693
Email: Lisa.Meyerhoff@bakermckenzie.com
BAKER & McKENZIE LLP
700 Louisiana, Ste. 3000
Houston, Texas 77002
Phone: 713 427 5000
Fax: 713 427 5099

ATTORNEY-IN-CHARGE FOR PLAINTIFF
ENVENTURE GLOBAL TECHNOLOGY,
INC.

OF COUNSEL:

Myall S. Hawkins
Texas Bar No. 09250320
S.D. Admission No. 7845
BAKER & MCKENZIE LLP
700 Louisiana, Suite 3000
Houston, Texas 77002
Phone: 713 427 5000
Fax: 713 427 5099

Richard V. Wells (Admitted *Pro Hac Vice*)
Texas Bar No. 24033326
Email: Richard.Wells@bakermckenzie.com
BAKER & MCKENZIE LLP
815 Connecticut Ave., N.W.
Washington, D.C. 20006-4078
Phone: 202 452 7000
Fax: 202 416 7143

Sean A. Roberts
Email: sr@therobertsfirm.com
Texas Bar No. 00797328
S.D. Admissions No. 28177
The Roberts Law Firm
2555 N. MacGregor
Houston, Texas 77004
Phone: 713 630 0900
Fax: 713 630 0991

ATTORNEYS FOR PLAINTIFF
ENVENTURE GLOBAL TECHNOLOGY,
INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on October 19, 2015, a true and correct copy of the "First Amended Complaint" was filed with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

        Ernest W. "Butch" Boyd
        Email: butchboyd@butchboydlawfirm.com
        2905 Sackett Street
        Houston, Texas 77098

        James C. Ferrell
        Email: jferrell@jamesferrell-law.com
        4119 Montrose Boulevard, Suite 400
        Houston, Texas 77006

        Gordon T. Arnold
        Email: garnold@arnold-law.com
        Christopher P. McKeon
        Email: cmckeon@arnold-iplaw.com
        Arnold, Knobloch & Saunders, L.L.P.
        4900 Woodway, Suite 900
        Houston, Texas 77056

        Corey J. Seel
        Email: coreyseel@mehaffyweber.com
        Mehaffy Weber, P.C.
        500 Dallas, Suite 1200
        Houston, Texas 77002

                            /s/ Lisa H. Meyerhoff